UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**HOLT TEXAS, LTD,**

  *Plaintiff*,

v.                                                                    Case No.  SA-23-CV-01130-JKP

**VITA INCLINATA TECHNOLOGIES, INC,**

  *Defendant*.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Vita Inclinata Technologies's (Vita) Motion to Dismiss based on Forum Non Conveniens. *ECF Nos. 8,10*. Plaintiff Holt Texas (Holt) responded. *ECF No. 9*. Upon consideration, the Court concludes the Motion shall be **GRANTED**.

### Undisputed Procedural Background

Vita and Holt entered a Load Stability System Distribution Agreement ("Agreement") under which Holt became a distributor for Vita's products in a specified territory, which includes Texas. *ECF No. 8, exh. A-1*. Later, when disagreement ensued over the rights and obligations under the Agreement, Vita terminated the Agreement, which it contends was proper under its terms.

On June 22, 2023, Vita filed a Complaint in the United States District Court for the District of Colorado seeking declaratory relief regarding its rights and obligations under the Agreement. *ECF No. 8, exh. A, Smith Decl., at ¶ 5; exh. A-2, Complaint for Declaratory Judgment, Vita Inclinata Tech. v. Holt Texas, Ltd., Case No. 1:23-cv-1600 (D. Colo. June 22, 2023)*. In fil-

ing its action in the Colorado federal court, Vita invoked the Agreement's forum selection clause, asserting the clause provided an exclusive forum in the courts of Colorado. *ECF No. 8, exh. A-2* at ¶ 3. On July 26, 2023, Holt filed a Motion to Dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), also invoking the Agreement's forum selection clause, asserting "the parties chose the state courts in the County of Denver as the proper forum," not the federal court. *ECF No. 8, exh. A*-3, at ¶ 7. Holt argued "venue should be in either the 'State' courts for Colorado – specifically the 'County of Denver' – or in Texas." Holt argued Texas was a proper venue because it purchased Vita's products in Texas, and Texas was among the four states for Holt's anticipated distribution. *Id*. at ¶¶ 1–2.

On August 16, 2023, before determination of Holt's Motion to Dismiss, Vita voluntarily dismissed the federal lawsuit and filed the Colorado litigation in Denver County state court, as Holt conceded in its previous argument was a proper venue under the forum selection clause in the Agreement. *ECF No. 8, exh. A, Smith Decl., at ¶¶ 9-10; exh. A-4, Pl.'s Notice of Voluntary Dismissal, Vita Inclinata Tech. v. Holt Texas, Ltd., Case No. 1:23-cv-1600 (D. Colo. Aug. 16, 2023); exh. A-5, Complaint, at ¶ 9, Vita Inclinata Tech. v. Holt Texas, Ltd., Case No. 2023CV32373 (Colo. Dist. Ct., Denver Cty. Aug. 16, 2023)*. Vita's counsel sent a copy of the Colorado state-court Complaint to Holt's counsel the same day, asking if counsel was authorized to accept service on Holt's behalf. Receiving no response, Vita served Holt via its registered representative on August 18, 2023. *ECF No. 8, exh. A, Smith Decl., at ¶ 11*.

In the meantime, Holt filed this action in Texas state court on June 26, 2023 but did not serve Vita. On August 18, 2023, the same day Vita served Holt with its Complaint in the Colorado state court action, Holt served Vita with its Texas state-court Complaint through Vita's registered representative. *ECF No. 8, exh. A, Smith Decl., at ¶ 12; exh. A-6, Pl.'s Original Compl.,*

2

*Holt Texas, Ltd., d/b/a Holt Crane & Equip. v. Vita Inclinata Tech., Inc.*, Cause No. 2023CI12516 (Tex. Dist. Ct., Bexar Cty. Aug. 18, 2023). On September 8, 2023, Vita removed Holt's Texas state court action to this federal Court based upon diversity jurisdiction. *ECF No. 1*. Then, on September 22, 2023, Holt answered Vita's Complaint in the Colorado state court litigation. *ECF No. 8, exh. A, Smith Decl., at ¶ 14; exh. A-7, Def. Holt Texas, Ltd.'s Answer to Compl., Vita Inclinata Tech. v. Holt Texas, Ltd., Case No. 2023CV32373 (Colo. Dist. Ct., Denver Cty. Sept. 22, 2023)*. Holt simultaneously filed a Motion to Dismiss Vita's Colorado Complaint based on forum non conveniens in favor of this pending action before this Court. *ECF No. 8, exh. A, Smith Decl., at ¶ 15; exh. A-8, Def. Holt Texas, Ltd.'s Mot. to Dismiss for Forum Non Conveniens, Vita Inclinata Tech. v. Holt Texas, Ltd., Case No. 2023CV32373 (Colo. Dist. Ct., Denver Cty. Sept. 22, 2023)*.

This chronology reveals Holt filed its Texas Complaint on June 26, 2023—after Vita filed the Colorado federal action—but did not serve Vita or disclose to it the existence of the Texas litigation until after Vita dismissed the federal suit. Thus, the parties' opposing Motions to Dismiss, in which each utilize the forum-non-conveniens doctrine arising from the Agreement's forum selection clause, proceeded parallel in this Court upon Vita's Motion to Dismiss and the Colorado state court upon Holt's Motion to Dismiss (or transfer venue).

The parties do not dispute the Agreement contains a valid "forum selection clause" which states each party will not commence any litigation against the other based upon any matter arising from the Agreement

> in any forum other than the U.S. District Court for the District of Delaware or the courts of the State of Colorado sitting in the County of Denver, and any appellate court from any thereof. Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of such courts and agrees to bring any such action, litigation, or proceeding only in the U.S. District Court for the District of Delaware or the courts of the State of Colorado sitting in the County of Denver.

3

*ECF No. 8, exh. A-1, at ¶ 32*. The parties do not dispute that this forum selection clause is valid, as each party invoked the clause in the different forums, and Holt admitted the Denver County state court is an appropriate forum under this clause. *ECF No. 8, exh. A-8.* Instead, the parties dispute whether the valid forum selection clause is enforceable in this action in this federal court and whether the forum selection clause should be applied under the facts and procedural posture in this case.

In this Motion to Dismiss, Vita seeks to enforce the forum selection clause in the Agreement, requiring dismissal of this action. Holt opposes enforcement of the forum selection clause, seeking to maintain this litigation in this Court.

**Legal Standard**

"The appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49, 60 (2013). Under the doctrine of forum non conveniens, a court may decline to exercise its jurisdiction when it concludes the action should be tried in another forum for the convenience of the parties and in the interests of justice. *Koster v. (American) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 527 (1947); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.,* 796 F.2d 821, 827 (5th Cir.1986). Usually, when analyzing whether the general doctrine applies, a court must determine "whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016); *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794–95 (5th Cir. 2007).

However, when the parties enter a valid forum selection clause pointing to a state or foreign forum, the analysis of the doctrine's applicability changes in two ways. *Barnett*, 831 F.3d at 300. First, the plaintiff's choice of forum carries no weight. By contracting for a specific forum, the plaintiff "effectively exercised its 'venue privilege' before a dispute arises." *Atlantic Marine*, 571 U.S. at 62-65; *Barnett*, 831 F.3d at 300. Second, the private-interest factors weigh entirely in favor of the contractual, preselected forum. *Atlantic Marine*, 571 U.S. at 62-65; *Barnett*, 831 F.3d at 300. Consequently, the district court may consider arguments about public-interest factors only when determining whether to enforce the forum selection clause. *Barnett*, 831 F.3d at 300 (citing *Atlantic Marine*, 571 U.S. at 63-64). Finally, courts must give the clause "controlling weight in all but the most exceptional cases," because in "all but the most unusual cases ... the 'interest of justice' is served by holding parties to their bargain.'"[1] *Barnett*, 831 F.3d at 300 (quoting *Atlantic Marine*, 571 U.S. at 63-64). "Hence, a valid forum-selection clause controls the forum non conveniens inquiry "'[i]n all but the most unusual cases.'" *Id*.

Prior to *Atlantic Marine*, a forum selection clause was considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F.App'x. 612, 615 (5th Cir. 2007) (quoting *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972)). To establish the forum selection clause should not be enforced as unreasonable, a plaintiff was required to prove: "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes

---

[1] The Court in *Atlantic Marine* established this standard for motions to transfer under §1404(a), which permits a transfer "in the interest of justice." However, the Court stated, "Section 1404(a) is merely a codification of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system." *Atlantic Marine,* 571 U.S. at 60. The Court made clear "the same standards should apply to motions to dismiss for forum non conveniens in cases involving valid forum-selection clauses pointing to state or federal forums." *Id.* at 60,66 n. 8; *see also Emrit v. Watts, Guerra, L.L.P.,* No. SA–13–473, 2014 WL 3970172, at *1 n. 5 (W.D.Tex. Aug. 13, 2014).

be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state" (known as the *Bremen* factors). *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12–13 (1972); *Barnett*, 831 F.3d at 301; *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)(citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

Some uncertainty existed after *Atlantic Marine* because the Supreme Court "did not address the extent to which the 'interest of justice' test for invalidating a forum selection clause pointing to another federal district court resembles the test developed under *Bremen* for invalidating a forum selection clause pointing to a nonfederal forum. *Atlantic Marine,* however, plainly reaffirms *Bremen*'s identification of a strong federal public policy supporting the enforcement of forum selection clauses." *Martinez v. Bloomberg LP*, 740 F.3d 211, 219 (2d Cir. 2014). Consequently, some courts continue to apply the "reasonability" factors even after *Atlantic Marine*. *See, e.g., id.* at 228; *Emrit v. Watts, Guerra, L.L.P.,* No. SA–13–CV–00473–XR, 2014 WL 3970172, at *2 (W.D.Tex. Aug. 13, 2014) ("Assuming, for the sake of argument, that these factors all remain relevant post-*Atlantic Marine* ...."); *1–Stop Fin. Serv. Centers of Am., LLC v. Astonish Results, LLC,* No. A–13–CA–961–SS, 2014 WL 279669, at *6–*7 (W.D.Tex. Jan. 23, 2014) (applying both balancing-of-interest factors and pre-*Atlantic Marine* "reasonability" factors).

## Discussion

### 1. Public Interest Factors

Holt does not dispute the validity of the forum selection clause in the Agreement, and, in fact, invoked the clause in the Colorado litigation. Here, Holt presents several arguments resist-

ing enforcement of the parties' forum selection; however, these arguments do not address the typical public-interest factors courts weigh when determining whether dismissal is appropriate based upon a valid forum selection clause. As stated, under *Atlantic Marine,* the party resisting enforcement of a valid forum selection clause has the burden of showing the public interest factors overwhelmingly disfavor dismissal. *Id.* Here, as plaintiff, Holt chose this forum for adjudication of this case. As such, Holt is the party resisting dismissal by enforcement of the parties' undisputed and valid forum selection of "the U.S. District Court for the District of Delaware or the courts of the State of Colorado sitting in the County of Denver." *See ECF No. 8, exh. A-1, at ¶ 32*

Because Holt does not address the public interest factors outlined in *Atlantic Marine*, it fails to show these factors disfavor dismissal. Therefore, Holt fails to satisfy its heavy burden to present the exceptional circumstance, or unusual case, necessary for this Court to retain the case in light of the parties' negotiated forum selection, which most definitively does not include Texas or this federal court. The Court must, therefore, conclude the forum selection clause within the Agreement controls this forum non conveniens inquiry. *Barnett*, 831 F.3d at 300 (quoting *Atlantic Marine*, 571 U.S. at 63-64)*; Wellogix, Inc. v. SAP Am., Inc.*, 58 F. Supp. 3d 766, 779–82 (S.D. Tex. 2014), aff'd, 648 Fed. Appx. 398 (5th Cir. 2016). The Court concludes the forum selection in the Agreement, of "the U.S. District Court for the District of Delaware or the courts of the State of Colorado sitting in the County of Denver," does not include this forum selected by Holt. *See ECF No. 8, exh. A-1, at ¶ 32.* Consequently, Vita's Motion to Dismiss is granted on this basis, alone. *See Atlantic Marine*, 571 U.S. at 60-65.

**2. Whether Enforcement of Forum Selection Clause Would be Unreasonable**

Any post-*Atlantic Marine* uncertainty regarding whether this Court should apply the *Bremen* factors to determine whether enforcement of a forum selection clause would be unreasonable is of no consequence in this case because Holt does not present any argument pertaining to these factors in support of its argument that this Court should retain the case. *See Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F.App'x. 612, 615 (5th Cir. 2007) (quoting *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972)). Because Holt does not contend enforcement of the forum selection clause in the Agreement would be unreasonable, it fails to satisfy its burden to overcome the clause's presumptive validity and enforceability. The Court must, therefore, conclude the forum selection clause within the Agreement should control and enforcement is reasonable. *See Atlantic Marine*, 571 U.S. at 60-65; *Wellogix, Inc.*, 58 F. Supp.3d at 779–82. Consequently, the Motion to Dismiss is granted on this basis, as well.

Nevertheless, to the extent Holt attempts to contend the forum selection clause is invalid or unenforceable, even though it invoked the clause to its benefit in another forum, the Court will address each of Holt's arguments presented.

### 3. Holt's Arguments

#### a. Vita Breached the Agreement[2]

Holt contends Vita breached the Agreement by filing in the wrong forum of the Colorado federal court, and therefore, the clause is now ineffective. Holt supports this argument with the well-established fundamental principle of contract law holding that when one party to a contract commits a material breach, the other party is excused from further performance. *See O'Brien's Response Mgmt., LLC v. BP Expl. & Prod.*, 24 F.4th 422, 434 (5th Cir. 2022).

---

[2] Considerable caselaw exists on the subject whether and if a party can waive a forum selection clause. This Court cannot construe this argument to be Vita waived the forum selection clause because Holt clearly contends it breached the agreement. In addition, Holt does not cite any supporting caselaw for this argument nor an argument that this Court could construe as a waiver argument. *See Wellogix, Inc. v. SAP Am., Inc*., 58 F. Supp. 3d 766, 773-775 (S.D. Tex. 2014), aff'd, 648 Fed. Appx. 398 (5th Cir. 2016).

8

This argument is without merit. While Holt discusses a valid contract principle, this principle does not apply under these facts because the issue whether one party breached the contract containing a forum selection clause does not factor into analysis of the clause's enforceability. This principle applies to the parties' performance of the substance of the contract, itself.

Further, Holt discusses only a portion of the supporting contract principle. The contract principle supporting Holt's argument also provides: "By contrast, when a party commits a non-material breach, the other party is not excused from future performance." *Id*. In any event, this Court need not engage in determination whether Vita committed a material or nonmaterial breach because by filing the original action in Colorado federal court and then Colorado state court, Vita simply acted upon its interpretation of the forum selection clause. Although Holt may disagree with Vita's interpretation of the forum selection clause, this disagreement does not equate to either party's breach of the Agreement. The parties' disagreement, instead, makes enforceability of the forum selection clause in this Court an unsettled, contested matter. Although Holt holds a contrary position on this unsettled, contested matter this does not render the entire contract invalid or mandate a precursory legal conclusion that Vita breached the Agreement, excusing Holt's obligation to perform or follow the forum selection clause. This argument must fail for this reason.

Next, Holt did not assert this breach-of-contract argument in its Motion to Dismiss the Colorado federal action, but instead invoked the same forum selection clause to argue the case should have been filed in Colorado state court or in Texas. Following Holt's position and concession in the Colorado federal action, Vita dismissed the federal action and filed in Colorado state court. Holt's contention here, that Vita breached the Agreement by filing suit in Colorado federal court, is inconsistent with its admission and position in the Colorado federal action.

For these reasons, this argument must fail.

### b. The Forum Selection Clause is a Venue Provision

Next, Holt contends that even though it is titled a "forum selection clause" in the Agreement, the true sense of the clause is a "venue selection clause." As a venue selection clause, Holt ambiguously contends "the relief sought by [Vita] in its Motion is improper."

Holt provides considerable examination of the difference between forum and venue but provides no argument or citation to authority regarding the implication of this distinction. *See ECF No. 9, pp. 4-5*. Holt provides no consequence for its position that the clause is, "in reality, a venue clause," other than to simply state, without citation to any supporting authority, "the relief sought by [Vita] in its Motion is improper." *Id*. This argument fails based upon the unambiguous language of the Agreement and the relevant caselaw.

Should a forum selection clause also specify a venue in the designated forum, this does not transform the forum selection clause or its intent into a venue selection clause. *See Risher v. Marquette Transp. Co. Gulf Inland LLC*, 2022 WL 2062875, *5 (Tex. App.—Dallas [5th Dist.] June 8, 2022). The clause, by its plain terms, stipulates the parties' choice of forum. *Id*.

The subject clause in the Agreement is titled "Choice of Forum," and provides these parties will commence any action only in "the U.S. District Court for the District of Delaware or the courts of the state of Colorado sitting in the County of Denver." *ECF No. 8, exh. A-1, ¶ 32*. Although the clause states the term "venue", this does not transform its clear intent and meaning. *See Risher*, 2022 WL 2062875 at *5. Holt signed the Agreement and by doing so, agreed to its terms and conditions. Finally, as stated, "[t]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atlantic Marine*, 571 U.S. at 60.

For these reasons, this argument must fail.

### c. The Forum Selection Clause Violates Texas Law

Holt contends the doctrine established in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) requires this federal court to apply substantive Texas law when adjudicating this diversity-jurisdiction case. In doing so, Holt contends Texas Business and Commerce Code voids any provision that elects the application of law of another state instead of Texas law in litigation of this matter. Holt contends this Court must apply Texas Business and Commerce Code Section 57.051 to determine whether the forum selection clause is valid and enforceable. Therefore, Vita violated Texas law by presenting the Agreement with the forum selection clause calling for litigation in a forum other than Texas. Holt's argument fails.

Holt correctly cites the doctrine established in *Erie R.R. v. Tompkins*; however, Holt fails to articulate how this doctrine applies under the facts in this case. In making this argument, Holt confuses and conflates the principles of choice of law when adjudicating a diversity-jurisdiction case and forum non conveniens. In doing so, Holt, theoretically, puts the cart before the horse.

As Holt states, under the *Erie* doctrine, a federal court must apply substantive state law when adjudicating diversity-jurisdiction cases. In a case before a Court based on diversity jurisdiction, a choice-of-law analysis determines what state's law should guide a court's interpretation of the contract and determination of the substantive issues. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). However, the issue before this Court in the present Motion is not a choice-of-law determination, but rather, a determination whether to retain or dismiss this case considering the parties' negotiated choice of forum. The question of enforceability of a forum selection clause is analytically distinct from the issue of which forum's law should apply to determine the substantive issues or to interpret the contract itself. *Weber v. PACT XPP Techs.,*

*AG*, 811 F.3d 758, 770 (5th Cir. 2016). Accordingly, when interpretation of or the meaning of a valid forum selection clause is not at issue, a federal court sitting in diversity must apply relevant federal law to analyze the enforceability of the forum selection clause. *Id.*; *Haynsworth v. The Corp.,* 121 F.3d 956, 962 (5th Cir. 1997); see also *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1159 (5th Cir. 1987) (*en banc*), vacated on other grounds sub. nom*., Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, reinstated except as to damages by *In re Air Crash Disaster Near New Orleans, La.,* 883 F.2d 17 (5th Cir. 1989) (*en banc*); *Barnett*, 831 F.3d at 301. Because the enforceability of a forum selection clause is governed by federal law, district courts should not determine which state's law governs the substantive matters of the contract interpretation or the case prior to ruling on a motion to dismiss on forum non conveniens grounds. *Haynsworth,* 121 F.3d at 962; *Matthews v. Tidewater Crewing, Ltd.*, No. CV 21-1530, 2023 WL 2263838, at *7 (E.D. La. Feb. 28, 2023).  Holt's argument, therefore, fails.

Next, Holt's argument fails on its face because as Holt contends, the Texas Business and Commerce Code does void any provision that elects the application of law of another state instead of Texas law. However, the Texas Business and Commerce Code Section 57.051 does not pertain to determination whether a forum selection clause is valid and enforceable.

Finally, the forum selection clause appears in an Agreement negotiated and agreed upon by both parties, Holt and Vita. Holt does not argue it was coerced or forced to agree to this forum selection clause, but instead, argues only that Vita violated Texas law, or was wrong, in presenting the forum selection clause in the Agreement. This argument must fail because if Vita violated Texas law by agreeing to application of the law of another state in any litigation, so did Holt.

For these reasons, this argument must fail.

    **d. Vita's Motion to Dismiss is not the Proper Vehicle to Enforce the Forum Selection Clause**

Finally, Holt argues a Motion to Dismiss based upon forum non conveniens is the improper vehicle to seek dismissal of an action, and dismissal is not the proper remedy under *Atlantic Marine*. Instead, Holt contends the proper vehicle to enforce a forum selection clause is a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

In presenting this argument, Holt misrepresents and misapplies the Supreme Court's holding in *Atlantic Marine*. The federal court in *Atlantic Marine* considered a motion to transfer venue filed pursuant to 28 U.S.C. § 1404(a) to another *federal* court based on a forum selection clause. The Court expressly noted that the same principles apply to cases filed in federal court which rely on a forum selection clause choosing a *state* court. Specifically, the Court held "the appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atlantic Marine*, 571 U.S. at 60. In such cases in which the parties selected a state-court forum, the *Atlantic Marine* Court held a motion to transfer venue is inapposite, and the residual doctrine of forum non conveniens applies, with dismissal as the appropriate remedy. *Atlantic Marine,* 571 U.S. at 60-61 & n.8.

Review of *Atlantic Marine* and subsequent interpretive caselaw confutes Holt's argument, and for this reason, this argument must fail.

## Conclusion

For the reasons stated, Vita's Motion to Dismiss based upon Forum Non Conveniens is GRANTED. All pending motions are DISMISSED as moot.

The Court's referral of this matter to the Magistrate Judge is withdrawn.

The Clerk of Court is directed to close this case.

It is so ORDERED.
SIGNED this 20th day of November, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE